IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| MR. MYRON KELLEY, #300218, ) | Civil Action No. 3:10-1734-HMH-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| T. LASLEY, SGT.; AND ) | **REPORT AND RECOMMENDATION** |
| MS. M. COCCIOLONE, I/M GRI. COORD., ) | |
| EACH INDIVIDUAL AND OFFICIAL ) | |
| CAPACITY, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

Plaintiff, Myron Kelley, filed this action on July 2, 2010.[1] He is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Defendants, employees of SCDC, filed a motion for summary judgment on January 26, 2011. Because Plaintiff is proceeding pro se, he was advised on January 27, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. Plaintiff filed a response on March 24, 2011.

**MOTION FOR TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION**

On December 9, 2010, Plaintiff filed what appears to be a motion for a preliminary injunction. He requests a "restraining order of separation" from Defendants. Plaintiff claims that Defendant

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02 (B)(2)(d) DSC. Because these are dispositive motions, the report and recommendation is entered for review by the court.

Lasley threatened on one occasion to hurt him if he came out of his cell. He appears to allege that Defendant Cocciolone is in a conspiracy to harm him and thus will not help him with his SCDC grievances. Defendants filed a response on January 28, 2011. Defendants contend that the motion should be denied because Plaintiff cannot show that he has a likelihood of success in the pending lawsuit, that he will suffer irreparable harm if injunctive relief is denied, that the balance of equities tip in his favor, or that injunctive relief is in the public interest.

As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate that: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 129 S.Ct. 365, 374-376 (2008).

Plaintiff fails to show that he is entitled to relief under the factors set out in Winter. He is unlikely to be successful in the underlying dispute, as discussed below. Plaintiff also fails to show that he will suffer irreparable injury if he is not granted a preliminary injunction. Lasley states that he has known Plaintiff for approximately four years and he allegedly used force against Plaintiff on only two occasions (two incidents involving the use of force in January 2009 which are complained of in this lawsuit). He states that he has never had any other issues, problems, confrontations, or incidents with Plaintiff since the January 2009 incidents. Lasley asserts that he never threatened Plaintiff, never destroyed any paperwork, and has not discouraged Plaintiff from filing any grievances. Lasley Aff. At most, Plaintiff alleges that he was recently verbally threatened by Lasley. Such alleged verbal abuse and/or threats (as discussed further below), although deplorable and

unprofessional, do not rise to the level of a constitutional violation. Cocciolone states that she does not recall speaking with Plaintiff about these incidents, and at no time neglected to properly investigate any of his grievances or mistreated him. Cocciolone (now known as Snyder) Aff. To the extent that Plaintiff alleges claims concerning the processing of his grievances, his claims fail. The "Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Even assuming that Defendants violated SCDC grievance procedures, such actions do not state a claim which is actionable under § 1983. See Brown v. Dodson, 863 F. Supp. 284 (W.D.Va. 1994).

Additionally, Plaintiff has not shown that the balance of equities tips in his favor or that an injunction is in the public interest. Thus, it is recommended that Plaintiff's motion for a preliminary injunction be denied.

## DISCUSSION

Plaintiff appears to allege, pursuant to 42 U.S.C. § 1983 ("§ 1983"), that Defendants violated his constitutional rights by subjecting him to excessive force and denying him medical care. He also alleges that Defendants conspired against him in violation of 42 U.S.C. § 1985 ("§ 1985"). Plaintiff alleges claims under South Carolina law for assault and battery as well as gross negligence. Defendants contend that they are entitled to summary judgment because: (1) Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477, 486-87;[2] (2) he fails to show that Defendants used

---

[2]Lasley states that Plaintiff received disciplinary convictions for failing to obey a direct order as a result of the January 9, 2009 incident, and for striking an employee as a result of the January 30, 2009 incident. Lasley Aff., Para. 5. If Plaintiff is challenging disciplinary proceedings in which he lost good-time credits, his claims concerning his disciplinary proceedings are barred by Heck v. Humphrey, 512 U.S. 477 (1994)(where a prisoner files an action under § 1983 which would necessarily implicate the validity of his conviction, he may not pursue the damages claim unless and
(continued...)

3

excessive force against him; (3) he cannot show a conspiracy under § 1985; (4) Defendants were not grossly negligent in their treatment of him; (5) Defendants did not fail to provide him with medical care; (6) Plaintiff cannot show an assault and battery; and (7) Defendants are entitled to qualified immunity.

1.    Excessive Force

Plaintiff appears to allege that he was subjected to excessive force on January 9 and 30, 2009. On January 9, 2009, Lasley was escorting Plaintiff in restraints to medical. Plaintiff claims that Lasley told Plaintiff that his jumpsuit was unbuttoned and Lasley "coerced" Plaintiff back to his cell before taking him to sick call. Defendants assert that Plaintiff refused a direct order to button his jumpsuit, he was returned to his cell, and a minimal amount of force was used on the retrieval chain to gain Plaintiff's compliance.

The "unnecessary and wanton infliction of pain," constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992); Whitley v. Albers, 475 U.S. 312, 319(1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977). To determine whether a prison official has violated the Eighth Amendment, courts must analyze both subjective and objective components. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). Specifically, this analysis requires "inquiry as to whether the prison official acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently

---

[2](...continued)
until he successfully attacks the conviction on which his suit is based. ) and Edwards v. Balisok, 520 U.S. 641 (1997)(Heck precludes a § 1983 claim in a prison disciplinary hearing which has not been previously invalidated, where the challenge would necessarily imply the invalidity of the deprivation of good-time credits); see also Kerr v. Orellana, 969 F. Supp. 357 (E.D.Va. 1997)(holding that prisoner's § 1983 claim for monetary damages and injunctive relief related to his disciplinary hearing was precluded under Heck).

serious (objective component)." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir.1996). "What is necessary to establish an unnecessary and wanton infliction of pain" with regard to each component "varies according to the nature of the alleged constitutional violation." Hudson, 503 U.S. at 5 (internal quotation marks omitted).

To satisfy the subjective component of an excessive force claim, a plaintiff must prove that correctional officers applied force "maliciously and sadistically for the very purpose of causing harm" rather than in a good-faith effort to maintain or restore discipline. Whitley, 475 U.S. at 320-21; see also Wilkins v. Gaddy, __ U.S. __, 130 S.Ct. 1175 (2010). The objective component of an excessive force claim is not nearly as demanding as the subjective component, because "[w]hen prison officials maliciously and sadistically use force to cause harm' ... 'contemporary standards of decency are always violated ... whether or not significant injury is evidence. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.' " Wilkins v. Gaddy, __ U.S. at ___, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 7). The Supreme Court has directed that several factors should be balanced in determining whether prison officials acted maliciously and sadistically. These factors include: (1) the necessity for the application of force; (2) the relationship between the need for force and the amount of force used; (3) the extent of the injury actually inflicted; (4) the extent of the threat to the safety of the staff and prisoners, as reasonably perceived by the responsible officials on the basis of the facts known to them; and (5) the efforts taken by the officials, if any, to temper the severity of the force applied. Whitley, 475 U.S. at 321.

Plaintiff fails to show that the alleged use of force during the January 9, 2009 incident constituted excessive force in violation of the Eighth Amendment. First, there was a necessity for

an application of force (pulling on the retrieval chain) because Plaintiff refused an order to return to his cell to button up his jumpsuit. Lasley states that on January 9, 2009, he was taking Plaintiff to sick call when he noticed that the top and bottom of Plaintiff's jumpsuit were undone exposing Plaintiff's chest and private area. He gave Plaintiff a direct order to button his jumpsuit, which Plaintiff refused. Lasley advised Plaintiff to go back to his cell, which he also refused to do. Lasley states that he used the retrieval chain to move Plaintiff back to his cell, Plaintiff was not taken to the ground, and no other force was used against him. Lasley Aff., Paras. 2-3; Incident Report.

Second, the relationship between the need for force and the use of force appears to be proportionate. As to this incident, Plaintiff fails to show that he suffered anything more than de minimis injury. On January 9, 2009, a registered nurse for SCDC noted that Plaintiff had no bruising or swelling to his wrist, no broken skin was noted, Plaintiff denied complaints of pain or discomfort to his right wrist, and no further complaints were made other than those voiced during his earlier (prior to the alleged use of force) sick call visit (for back and stomach pain). See Plaintiff's Inmate Medical Records (Attachment to Defendants' Motion for Summary Judgment).

Lasley reasonably perceived a threat to the safety of staff and prisoners as he believed that Plaintiff was acting in a confrontational and disobedient manner. Plaintiff claims that his jumpsuit was not unbuttoned, but does not appear to dispute that he acted in a disobedient manner when ordered to return to his cell. Lasley appears to have made efforts to temper the severity of the force used. In the January 9, 2009 incident, Lasley only pulled on the retrieval chains to get Plaintiff back to his cell.

On January 30, 2009, Plaintiff was escorted to the showers by Lasley and Officer Church. Plaintiff alleges that Lasley screamed that Plaintiff's shower was over and Lasley and Officer Church

put restraints back on Plaintiff. He claims that Lasley "coerced" him back to his cell, assaulted him with a closed fist to his face several times, and used a racial expletive. Plaintiff submitted undated affidavits from inmates Jerome McDaniel ("I/M McDaniel") and Ronald Irby ("I/M Irby"). I/M McDaniel states that he heard Lasley and Church drag Plaintiff from the shower, Lasley punch Plaintiff in the face and pull the lead chain with excessive force to attempt to break Plaintiff's hand/wrist.[3] McDaniel Aff. I/M Irby states he heard Plaintiff say that "they are trying to break my wrist." Irby Aff.

     Lasley and Officer Church state that while Plaintiff was near the shower area, he behaved in a threatening manner toward Lasley such that the restraints were put back on and he was escorted to his cell. They state that as they neared Plaintiff's cell, Plaintiff appeared to be getting ready to head butt Lasley, Lasley hit Plaintiff with one open-faced strike with his palm to prevent the head butting, and Plaintiff was placed back in his cell without further incident. Lasley and Church Affs. Defendants have provided a copy of the related incident report. After the January 30, 2009 incident, a registered nurse saw Plaintiff for complaints of right hand and wrist pain and an allegation that he had been punched in the face. A small amount of swelling to Plaintiff's wrist and small scrapes to his left forearm were noted, but there was no active bleeding, Plaintiff had full range of motion of his right wrist, and he was in no apparent distress. Plaintiff was advised to take Tylenol or Ibuprofen for pain. On February 2, 2009, Plaintiff complained to a registered nurse about his right arm and right jaw. The nurse noted that there was no swelling, bruising, or drainage to his right arm or jaw. On February 4, 2009, a licensed practical nurse noted that Plaintiff had full range of motion to his

---

[3] It is somewhat unclear from the affidavit what exactly McDaniel heard and/or saw with respect to the alleged incident.

right wrist and no other injuries. There is no indication of any complaints about his wrist or jaw at his next medical appointment on February 13, 2009. See Plaintiff's Inmate Medical Records.

As to the January 30, 2009 incident, the parties recite different versions of the facts. In the light most favorable to Plaintiff, there is a genuine issue of material fact as to whether Defendant Lasley used excessive force against Plaintiff on January 30, 2009. Plaintiff was in restraints at the time of the alleged use of force. Viewing the facts in the light most favorable to Plaintiff, a jury could reasonably find that Lasley acted sadistically and maliciously in allegedly punching Plaintiff repeatedly in the face and pulling excessively on his restraints. Thus, it is recommended that Lasley's motion for summary judgment be denied as to Plaintiff's claim that he was subjected to the use of excessive force on January 30, 2009.

2.   Medical Claims

Plaintiff appears to allege that Defendants were deliberately indifferent to his medical needs. Defendants contend that they did not fail to provide medical care and that Plaintiff has not shown the deprivation of a serious medical need.

In the case of Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain," Id., quoting Gregg v. Georgia, 428 U.S. 153, 169-73 (1976).  The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met.
>
> * * * * * * *
>
> We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," Gregg v. Georgia, supra, at 182-83, 96 S.Ct. at 2925 (joint opinion), proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or

> intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

Estelle, 429 U.S. at 103-105. (Footnotes omitted).

Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation.

> Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle, 429 U.S. at 107.

The Court of Appeals for the Fourth Circuit also considered this issue in the case of Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness (citations omitted). . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Id. at 851.

The Supreme Court defined "deliberate indifference" in the Eighth Amendment context in Farmer v. Brennan, 511 U.S. 825 (1994). The court held:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An

> act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concern when it imposes tort liability on a purely objective basis. [Citations omitted]. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Id. at 837-38.

Unless medical needs were serious or life threatening, and the defendants were deliberately and intentionally indifferent to those needs of which he was aware at the time, a plaintiff may not prevail. Estelle, supra; Farmer v. Brennan, supra; Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

Plaintiff fails to show that Defendants were deliberately indifferent to any of his serious medical needs. As discussed above, Plaintiff's medical records show that he was treated by medical personnel after each of the alleged incidents. Additionally, Plaintiff received continuing medical care after the alleged use of force incidents. See Plaintiff's Inmate Medical Records.

3.  Verbal Abuse/Derogatory Comment

Plaintiff appears to allege that Lasley used a racial expletive toward him on January 30, 2009. Lasley denies that he threatened Plaintiff or called him names as alleged in the complaint. Lasley Aff. Officer Church states that Lasley did not verbally abuse Plaintiff or call him names. Church Aff.

Verbal abuse of inmates by guards, without more, fails to state a claim under § 1983. Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996)(disrespectful and assaultive comments did not violate Eighth Amendment); McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993)(verbal threats and name calling are usually not actionable under § 1983); Northington v. Jackson, 973 F.2d 1518, 1524 (10th Cir. 1992); Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979)(sheriff's idle threat to hang a prisoner

did not give rise to a § 1983 claim); Lamb v. Hutto, 467 F. Supp. 562 (E.D.Va. 1979)(verbal assaults and threats do not state a constitutional claim actionable under § 1983). Even if the alleged racially derogatory comment was used, such undeniably deplorable and unprofessional behavior does not by itself rise to the level of a constitutional violation. See Patton v. Przybylski, 822 F.2d 697, 700 (7th Cir.1987); Carter v. Morris, 164 F.3d 215, 219 n. 3 (4th Cir. 1999).

    4.    Conspiracy

Plaintiff alleges that Defendants conspired to violate his constitutional and civil rights by failing to report the alleged attack on him, covering up the alleged attack, and denying their participation. Defendants contend that Plaintiff cannot show any of the required elements for a conspiracy claim under § 1985.

Section 1985(3) provides to those injured by a conspiracy to deprive them of the equal protection of the laws a right of action against the conspirators. It reads in relevant part:

> If two or more persons in any State or Territory conspire ... for the purposes of depriving ... any person or class of persons of the equal protection of the law, or of equal privileges and immunities under the laws ... the party so injured may have an action for the recovery of damages ... against one or more of the conspirators.

42 U.S.C. § 1985(3). There is a heightened pleading standard for § 1985(3) conspiracy claims. Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995). The elements of this claim are: (1) a conspiracy of two or more persons; (2) who were motivated by a specific class-based, invidiously discriminatory animus; (3) to deprive the plaintiff of the equal enjoyment of rights secured by the law to all; (4) and which results in injury to the plaintiff; (5) as a consequence of an overt act committed by the defendants in connection with the conspiracy. Buschi v. Kirven, 775 F.2d 1240, 1257 (4th Cir. 1985)

In this case, Plaintiff has not identified any specific evidence of an agreement by Defendants to violate his civil rights. See Simmons v. Poe, 47 F.3d at 1377 (The Fourth Circuit has "specifically

rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts."). He fails to show injury as a result of the alleged conspiracy and has not made any specific allegations that Defendants conspired to deprive him of equal enjoyment of rights secured by the law to all.

5. Grievances

Plaintiff may be attempting to allege that Cocciolone violated his constitutional rights as to the grievances he filed concerning the alleged uses of excessive force and his medical care afterwards. Plaintiff fails to show a constitutional violation concerning the processing of his grievances or access to the grievance system. Access to administrative remedies is not itself a constitutionally protected right. See Adams v. Rice, 40 F.3d 72 (4th Cir.1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir.1991). Further, allegations that Defendants did not follow SCDC policies or procedures, standing alone, do not amount to constitutional violations. See United States v. Caceres, 440 U.S. 741 (1978); see also Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)(if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992)(violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).

6. State Law Claims

Plaintiff appears to allege claims for assault and battery and gross negligence under South Carolina law. Defendants contend that Plaintiff fails to show that they were grossly negligent in their treatment as they did not apply excessive force and did not deny Plaintiff medical treatment. They contend that Plaintiff has not alleged any facts that Cocciolone (Snyder) ever touched Plaintiff

and that Lasley's use of force was constitutional and thus privileged as to an assault and battery allegation.

Plaintiff fails to establish a claim for assault and battery against Cocciolone, as he has not alleged that she ever touched Plaintiff. He also fails to show that Cocciolone was grossly negligent as to him. "Gross negligence is the intentional conscious failure to do something which it is incumbent upon one to do or the doing of a thing intentionally that one ought not to do. It is the failure to exercise slight care. Gross negligence has also been defined as a relative term, and means the absence of care that is necessary under the circumstances." Etheredge v. Richland School District One, 534 S.E.2d 275, 277 (S.C. 2000)(citations omitted). Plaintiff appears to allege that Cocciolone was grossly negligent by failing to investigate or intervene after the alleged assault, failing to report the attack, and conspiring to cover up the alleged assault and battery. Cocciolone states that she was involved in the investigation, but only in connection with the grievance process. She reviewed the reports and spoke with Captain Miller who advised her of the incident shortly after it occurred. Cocciolone states that Warden McCall reviewed the grievance concerning the January 9, 2009 incident and denied it. As to the January 30, 2009 incident, she reviewed the available reports and forwarded the grievance to the Division of Investigations for review. Cocciolone states that the Warden's decision cited that the Division of Investigations reviewed the grievance and concluded that the allegations could not be substantiated. Cocciolone (Snyder) Aff.

Plaintiff also appears to allege that Lasley was grossly negligent and subjected him to assault and battery as to the January 30, 2009 incident based on Lasley allegedly punching Plaintiff in the face and pulling on his restraints. Lasley argues that Plaintiff cannot show an assault and battery or gross negligence because Plaintiff was not subjected to excessive force under § 1983. As there is a

13

question of fact as to this (as discussed above), it is also recommended that Lasley's motion for summary judgment be denied as to these state law claims.

## **CONCLUSION**

Based on review of the record, it is recommended that Plaintiff's motion for a temporary restraining order and/or preliminary injunction (Doc. 14) be denied.  It is recommended that Defendants' motion for summary judgment (Doc. 31) be denied, in part, as to Plaintiff's claims of excessive force, gross negligence, and assault and battery against Defendant Lasley as to the January 30, 2009 use of force incident, and granted as to Plaintiff's claims against Defendant Cocciolone and as to the remaining claims against Defendant Lasley.

_____
Joseph R. McCrorey
United States Magistrate Judge

June 20, 2011
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

14

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).