IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Mr. Myron Kelley, #300218, ) | |
| ) | C.A. No. 3:10-1734-HMH-JRM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| T. Lasley, Sgt.; and ) | |
| Ms. M. Cocciolone, I/M Gri. Coord., ) | |
| each individual and official capacity, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Joseph R. McCrorey, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Myron Kelley ("Kelley"), a state prisoner proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983, alleging various violations of his constitutional rights. Kelley filed a motion for a temporary restraining order and/or preliminary injunction. In addition, the Defendants filed a motion for summary judgment. Magistrate Judge McCrorey recommends denying Kelley's motion and granting in part and denying in part the Defendants' motion. The Defendants filed objections to the Report and Recommendation. For the reasons explained below, the Defendants' motion for summary judgment is granted in part and denied in part.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

## I. Factual and Procedural Background

Kelley commenced this § 1983 action, asserting claims for excessive force, deliberate indifference, verbal abuse, conspiracy, and state law claims for assault and battery and gross negligence. The claims arise as a result of two incidents on January 9 and 30, 2009, respectively. On January 9, 2009, Lasley placed Kelley in restraints and escorted him to the medical facility. The Defendants allege that Kelley refused to button his jumpsuit and he was returned to his cell and a minimal amount of force was used to obtain Kelley's compliance. Kelley alleges that Lasley pulled him "by the lead chain with unprovoked excessive force." (Pl. Mem. Opp'n Summ. J. Exs. (Kelley Decl. ¶ 14).) On January 30, 2009, Kelley was taken for a shower and he alleges that he was taken back to his cell and assaulted with a closed fist to the face several times by Lasley. Kelley was also placed in restraints and he complained of right wrist pain. (Id. Exs. (Kelley Decl. ¶¶ 7-10).)

The magistrate judge found that the Defendants were entitled to summary judgment on the excessive force claim regarding the January 9 incident and all the claims alleged against M. Cocciolone ("Cocciolone"). (Report & Recommendation, generally.) However, with respect to the excessive force claim regarding the January 30 incident and the assault and battery and gross negligence claims against Sgt. T. Lasley ("Lasley"), the magistrate judge recommends denying summary judgment. (Id.) The Defendants filed objections to the magistrate judge's Report. Kelley did not file objections. This matter is now ripe for review.

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. County of Chesterfield, 95 F.3d 1263, 1265 (4th Cir. 1996).

### B. Objections

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

**1. Defendants' Objections**

On July 8, 2011, Defendants filed objections to the magistrate judge's Report and Recommendation, contending Magistrate Judge McCrorey erroneously recommended that Kelley's excessive force claim with respect to the January 30, 2009 incident proceed. In their objections, Defendants contend they are entitled to summary judgment on Kelley's excessive force, assault and battery, and gross negligence claims. (Def. Objections, generally.)

a. Excessive Force Claim

The predominate focus in a claim for excessive force is not on the extent of the injury but rather the nature of and justification for the inflicted force. Wilkins v. Gaddy, 130 S. Ct. 1175, 1179 (2010). The Supreme Court has identified the following four factors to consider when determining whether a prison official's actions were carried out "maliciously and sadistically" to cause harm: (1) "the need for application of force"; (2) "the relationship between the need and the amount of force" used; (3) "the extent of the injury inflicted"; and (4) "the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them." Whitley v. Albers, 475 U.S. 312, 321 (1986).

On January 30, 2009, Lasley and Officer Church escorted Kelley to the shower. Kelley alleges that after Lasley screamed, "your shower is now over," Lasley placed him in restraints and dragged him back to his cell where he assaulted him with a closed fist to his face several times. (Pl. Mem. Opp'n Summ. J. Exs. (Kelley Decl. ¶¶ 7-10).) Kelley submits that he did not attempt to headbutt Lasley. (Id. Exs. (Kelley Decl. ¶ 9).) Kelley has provided the affidavits of two other inmates, Jerome McDaniel ("McDaniel") and Ronald Irby ("Irby"). McDaniel alleges

4

that he heard Lasley and Officer Church "drag Kelley into his cell and close the bar door and sta[r]ted pulling the lead chain Sgt. Lasley had his foot on the bar door pulling and Ofc. Church was pulling on the lead chain also with excessive force tr[y]ing to break Kelley hand and wrist." (Id. Exs. (McDaniel Aff., generally).) Irby states that Lasley and Officer Church dragged "Kelley by the lead chain down the wing" and he "heard Kelley say you are trying to break my wrist." (Id. Exs. (Irby Aff., generally).)

Lasley and Officer Church submit that Kelley was behaving in a threatening manner in the shower area so the restraints were placed on Kelley. (Defs. Mem. Supp. Summ. J. Exs. (Lasley Aff. ¶¶ 4-5).) While escorting Kelley back to his cell, Lasley and Officer Church state that it appeared Kelley "was going to head butt" Lasley. (Id. Exs. (Lasley Aff. ¶ 4).) Lasley struck Kelley with one open-handed strike with his palm to prevent the headbutting and Kelley was placed in his cell. (Id. Exs. (Lasley Aff. ¶ 4).)

Defendants argue that "[i]t is clear in this case that there was the necessity for the application of force to prevent the Plaintiff from injuring Lt. Lasley, disrupting order, threatening security and to prevent the Plaintiff from being a threat to others in the area." (Objections 5.) Further, the Defendants argue that any injury was de minimus as Kelley only suffered minimal swelling to his right wrist and small scrapes to his left forearm. (Id. at 6.) The predominate inquiry for an excessive force claim focuses upon the justification for a prison official's infliction of force rather than the quantum of injury inflicted. Wilkins, 130 S. Ct. at 1179 ("Injury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts."). In the context of a prison disturbance, whether force used is unconstitutionally excessive depends upon "whether force was applied in a good faith effort to maintain or restore

discipline or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21. Viewing the facts in a light most favorable to Kelley, the court concludes that Kelley has alleged facts showing deprivation of a clearly established constitutional right. Because the parties dispute virtually all of the material facts regarding the January 30, 2009 incident, the court cannot determine whether the application of force was made in "a good faith effort to maintain or restore discipline." Based on the foregoing, the court finds that Defendants' motion for summary judgment on Kelley's excessive force claim with respect to the January 30, 2009 incident is denied.

### b. Assault and Battery and Gross Negligence Claims against Lasley

Lasley argues that summary judgment is appropriate on Kelley's assault and battery and gross negligence claims because no excessive force was used. "A police officer who uses reasonable force . . . is not liable for assault or battery." Roberts v. City of Forest Acres, 902 F. Supp. 662, 671-72 (D.S.C. 1995). As set forth above, genuine issues of material fact remain regarding whether the use of force was reasonable. Therefore, the court denies Lasley summary judgment on these claims. Based on the foregoing, the court adopts the magistrate judge's Report and Recommendation.

It is therefore

**ORDERED** that Defendants' motion for summary judgment, docket number 31, is denied in part as to Kelley's claims of excessive force, gross negligence, and assault and battery against Lasley, and granted as to the Kelley's claims against M. Cocciolone and as to the remaining claims against Lasley. It is further

**ORDERED** that Lasley's motion for a temporary restraining order and/or preliminary injunction, docket number 14, is denied.

**IT IS SO ORDERED.**

                                        s/Henry M. Herlong, Jr.
                                        Senior United States District Judge

Greenville, South Carolina
July 13, 2011